IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Eric Samuel,<br><br>    Plaintiff,<br><br>vs.<br><br>J. Croom Hunter, *Staff Attorney of the South Carolina Attorney's General's Office of the State of South Carolina*; Stephanie P. McDonald, *Chief Administrative Judge of the Ninth Judicial Circuit*; Daniel E. Shearouse, *Clerk of Court of the South Carolina Supreme Court*; R. Markley Dennis, *Ninth Judicial Circuit Court Judge*,<br><br>    Defendants. | Civil Action No. 1:20-cv-01277-TMC<br><br>**ORDER** |

Plaintiff Eric Samuel ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF Nos. 1, 2, 6). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss this action with prejudice and without issuance and service of process. (ECF No. 7). Plaintiff filed objections to the Report, (ECF No. 13), and this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 7 at 2–4). Briefly, Plaintiff alleges that in April 2014, after Plaintiff filed his sixth application for post-conviction relief ("PCR") in state court,

1

Defendant Hunter filed a motion to restrict Plaintiff's ability to file future petitions without paying the filing fee, thereby violating Plaintiff's right to access the state courts. *See* (ECF Nos. 1 at 5, 7, 10; 1-2 at 1–10). Plaintiff asserts that Defendant Judge McDonald also violated his rights by entering an order on April 21, 2014, requiring him to submit an affidavit and justifications for any future filings to the acting Chief Administrative Judge. *See* (ECF Nos. 1 at 8; 1-2 at 11–19). Plaintiff then alleges that Defendant Shearouse signed an order requiring Plaintiff to obtain permission from the South Carolina Supreme Court before filing any further collateral proceedings in state court.[1]  *See* (ECF Nos. 1 at 8–9; 1-2 at 20).

Thereafter, on April 29, 2019, Plaintiff submitted a new PCR application and an affidavit in support thereof to Defendant Judge Dennis, the Chief Administrative Judge of the General Sessions for the Ninth Judicial Circuit of South Carolina. (ECF Nos. 1 at 9; 1-2 at 21–22). On May 16, 2019, Judge Dennis responded to Plaintiff's letter, noting that the Supreme Court had required Plaintiff to obtain its permission before filing any additional PCR applications. (ECF No. 1-2 at 23). Judge Dennis included the Supreme Court's order in his response for Plaintiff's reference. *See id*.

Plaintiff alleges that these actions by Defendants violated Plaintiff's right of access to the state courts. (ECF No. 1 at 10). For relief, Plaintiff seeks "to have access to the state court of common pleas for Charleston County and for the plaintiff to have access to the South Carolina Supreme Court regarding the plaintiff's 2001 criminal convictions and sentences . . . ." *Id*.

---

[1] Although Plaintiff claims that Defendant Shearouse "made" the order prohibiting any further collateral proceedings absent leave from the Supreme Court, the order that Plaintiff attached to his Complaint is signed by Former Chief Justice Toal of the South Carolina Supreme Court, not Defendant Shearouse. *See* (ECF No. 1-2 at 20).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation

for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

In her Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint with prejudice because each of the Defendants is immune from suit.  (ECF No. 7 at 4–6). Specifically, the magistrate judge found that Plaintiff's claims against Defendant Hunter are barred by absolute prosecutorial immunity, *id*. at 4; the claims against Defendants Judges McDonald and Dennis are barred by absolute judicial immunity, *id*. at 4–5; and the claims against Defendant Shearouse are barred by quasi-judicial immunity, *id*. at 5–6.  Further, the magistrate judge found that "the complaint contains no 'potentially meritorious but inartfully pleaded claims' that 'might be revived by competent pleading[,]'" such that "amendment of the complaint cannot cure its defects[.]"  *Id*. at 6 n.2 (quoting *United States v. McLean*, 566 F.3d 391, 397 (4th Cir. 2009),

4

*abrogated on other grounds*, *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020)).  Therefore, the magistrate judge recommends the case be dismissed with prejudice.  *Id*.

Plaintiff raises only two objections to the Report.  *See* (ECF No. 13).  First, Plaintiff appears to argue that the Report is improper because it constitutes "an answer to the Plaintiff's . . . complaint . . . before allowing the Defendants to file a proper answer . . . ."  *Id*. at 1.  This objection is meritless.  Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"),[2] this court is required to engage in a preliminary screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" in order to "identify cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915A(a), (b)(1).  Local Rule 73.02(B)(2)(f) (D.S.C.) provides that "in civil rights cases arising out of the criminal process" and not challenging prison conditions or conditions of confinement, "[a]ll pretrial proceedings"—including the preliminary screening required under § 1915A—shall be automatically assigned to a magistrate judge.  *See also* 28 U.S.C. § 636(b)(1)(A), (B)(4) ("a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" and "[e]ach district court shall establish rules pursuant to which the magistrate judges shall discharge their duties").  Thus, the magistrate judge properly issued the Report as required by § 1915A and Local Rule 73.02(B)(2)(f), and Plaintiff's first objection is overruled.

Second, Plaintiff objects to the magistrate judge's recommendation that the case be dismissed with prejudice.  *See* (ECF No. 13 at 2).  Specifically, Plaintiff asserts that dismissal with prejudice would "violat[e] the plaintiff's fundamental constitutional rights to use and have access to the United States District Court system, which the plaintiff can state a claim if issuance and

---

[2] Pub. L. No. 104–134, 110 Stat. 1321–71 (1996).

service of process is granted to allow the plaintiff his fundamental right to amend his complaint to state a claim." *Id*. However, it is well-established in this Circuit that leave to amend a pleading may be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (internal quotation marks omitted). In this case, the magistrate judge found that Plaintiff's "complaint contains no potentially meritorious . . . claims that might be revived by competent pleading." (ECF No. 7 at 6 n.2 (quoting *McClean*, 566 F.3d at 397) (internal quotation marks omitted)). Therefore, the magistrate judge concluded that any "amendment of the complaint cannot cure its defects" and would be futile. *Id*. Plaintiff has set forth no additional allegations or claims in his objections which would refute the magistrate judge's finding of futility. *See* (ECF No. 13). Accordingly, Plaintiff's second objection is also meritless and is overruled.[3]

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court agrees with the magistrate judge's conclusion that Defendants are immune from suit and that any amendment to the Complaint would be futile. (ECF No. 7 at 4–6, 6 n.2). Thus, the court finds no reason to deviate from the Report's recommended disposition. The court **ADOPTS** the magistrate judge's Report, *id*., and incorporates it herein. Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process.

---

[3] To the extent Plaintiff's second objection could be interpreted as a motion for leave to amend his complaint, the court denies such motion for the same reason set forth above—any amendment would be insufficient to cure the deficiencies in the Complaint and would be futile. *See Adbul-Mumit*, 896 F.3d at 293.

**IT IS SO ORDERED.**

                                                   s/Timothy M. Cain
                                                   United States District Judge

Anderson, South Carolina
February 2, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.